## FAILURE TO GUARD EXCAVATION IN STREET.

Circuit Court of Lorain County.

THE CITY OF ELYRIA v. JOHN L. GOOD.*

Decided, September 28, 1910.

*Municipal Corporation—Defect in Street—Prior Accidents at Same Place—Notice.*

In an action against a municipal corporation for damages suffered through its negligence in failing to properly guard an excavation in the street, evidence of prior accidents at the same place may be received for the purpose of charging the, municipality with notice of the conditions existing at the place in question;  and this is so, even though actual notice of such prior accidents is not brought home to the proper municipal authorities.

*H. A. Pounds,* for plaintiff in error.
*Clayton Chapman* and *Guy B. Findlay,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This is a proceeding to reverse a judgment recovered by Good against the city for damages received by him through the negligence of the city in failing to properly guard an excavation in one of its streets, which had been made by a licensee of the city in laying a gas pipe and had not been properly filled up.

_____

*Affirmed without opinion, *City of Elyria* v. *Good,* 85 Ohio State, 471.

It is said that there is error in the record in two particulars, first, because the trial court refused to give the city's first request to charge, which reads as follows:·

"Evidence that at a time shortly before the accident complained of, a traveler upon Lake avenue at the place complained of by plaintiff, experienced some difficulty in getting through the street, or that his vehicle became stalled, should be considered by you only for the purpose of determining whether or not a defect or dangerous condition existed at such point in the street; and such evidence should not be considered by you in determining whether or not defendant had notice of such defect, unless defendant had knowledge or actual notice of such occurrence, and sufficient time had elapsed after such knowledge or actual notice for defendant to have remedied such defect."

There was no error in refusing this request; it was defective in that it stated evidence of prior accidents should not be considered in determining whether or not defendant had notice of such defect, unless it had actual notice of such occurrences. The law recognizes such a thing as constructive notice of defects in the streets. This is well stated by the trial judge as follows:

"It is a question of fact for you to determine from all the evidence in the case whether the circumstances were such as that had the city used ordinary care it would have known that this street was out of repair at the point where the accident occurred in time to have repaired it before the accident or to have guarded the same by warning or signal; and in determining that matter you should consider the character of the depression, whether or not it was caused by an excavation, how long it had existed, and whether or not it could be readily observed, its depth and appearance at the time of and before the accident, and from all the facts and circumstances appearing in the evidence it is for you to determine whether or not this road was out of repair so as not to be reasonably safe for travel and whether or not the city had or should have had notice of its being out of repair a sufficient length of time before the accident to have repaired the same or to have guarded the same by warning or signal."

It is further claimed that the verdict and judgment thereon is not sustained by sufficient evidence. On this point it is claimed again that no notice to the city, actual or constructive, was shown.

This point is not well taken. It was shown in evidence that other similar accidents occurred at this point at least ten days before Good was injured. To quote from the brief of counsel for the city:

"The testimony of all witnesses called by the plaintiff was that Lake avenue was in a muddy condition at the time of the accident to Good; that there were ruts in the street due to the wear of travel and the general condition of the weather, rains, etc., at that time of the year. There is no question that travel was inconvenient at that time, but it appears that the condition of the street was well known to all persons traveling thereon, and that travel on said street was not considered dangerous."

It is also known that a member of the board of public service of the city and its street commissioner were on the street at the place of the accident and observed its condition during said ten days elapsing after the previous occurrence. They and the city were put upon inquiry to find out its true condition and to remedy such defects as its condition suggested. The city knew what work had been done there; ordinary foresight might have suggested the dangerous condition shown on the trial.

Upon a careful consideration of all the evidence, bearing in mind all the suggestions contained in the brief of counsel for the city, we are unable to say that the verdict is so manifestly against the weight of the evidence as to require that it be set aside.

Judgment affirmed.